# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| WINESKA MARIN | : | |
| | : | |
| DEBTOR | : | |
| | : | CASE NO:   17-10374-ELF |
| | : | |
| | : | |
| | : | |

## DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN

### YOUR RIGHTS WILL BE AFFECTED

**If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.**

### PLAN PROVISIONS

**DISCHARGE:**

__X__   The debtor will seek a discharge of debts pursuant to Section 1328(a).

___    The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**I.    BEST INTERESTS OF THE CREDITORS** – If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid $0.00. Under this plan, the allowed unsecured claimants will receive not less than that amount.

**II.    PLAN FUNDING AND LENGTH OF PLAN**

A.    The plan payments of the Debtor shall consist of the total amount previously paid ($1,600.00) added to the new monthly payment to the Chapter 13 Trustee of $515.00 per month for 44 months, beginning June, 2017 The monthly plan payment will begin no later than 30 days following the date of the filing of the first amended plan.

**Total ESTIMATED plan payments: $24,260.00**

III.  PAYMENT OF CLAIMS

  A.  SECURED CLAIMS

  1.  <u>Mortgages and Other Direct Payments by Debtor.</u> Payments will be made directly by the Debtor to the following creditors (i.e. paid outside the plan), beginning with the first payment(s) due following the filing date of the Petition:

| Name of Creditor | Description of Collateral | Monthly Payment | Principal Balance | Contract Rate of Interest |
|---|---|---|---|---|
| JPMC Speciality Mortgage LLC | 2675 Finley Avenue, Bensalem, PA 19020 | $1,277.70 | $203,202.78 | 2.77% |

  2.  <u>Arrears</u> – The Debtor proposes to cure **pre-petition** default by means of monthly payments to the trustee:

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Contract Rate of Interest | Total paid through the plan |
|---|---|---|---|---|
| JPMC Speciality Mortgage LLC | 2675 Finley Avenue, Bensalem, PA 19020 | $18,661.34 | 0.00% | $18,661.34 |

  B.  PRIORITY CLAIMS

  1.  Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
|  |  |

    2.    <u>Administrative Claims</u>

a.    *Trustee Fees*. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

b.    *Attorney Fees*. In addition to the retainer of $ 1,750.00 already paid by the debtor, the amount of $ 1,750.00 in the plan.

**C.**    **UNSECURED CLAIMS**

1.    <u>Claims of General Unsecured Creditors</u>. Allowed unsecured claims shall be paid on a **pro rata** basis after all administrative, priority and/or secured claims are paid in full.

2.    Proof of Claim No. 1 filed by Houghton Music LLC d/b/a Coles Music Service is an unsecured debt and the Chapter 13 Trustee shall pay Proof of Claim No. 1 on a pro rata basis as the New Jersey Judgment has not been domesticated; transferred; registered; or recorded in the state of Pennsylvania.

**IV.**    **OTHER PLAN PROVISIONS**

A.    <u>Provision regarding duties and rights of certain mortgage holders and servicers.</u> Confirmation of the plan shall impose and affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

1.    Apply the payments received by Debtor for ongoing postpetition payments to the Debtor's mortgage account as if the account were current and no prepetition default existed on the petition date and apply payments in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2.    Apply and credit payments disbursed by the trustee only to the pre-petition arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and authorized by the note and security agreement and applicable nonbankruptcy law. The pre-petition arrearage

shall have "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

3. Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

4. Notify the debtor and the attorney for the debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

5. Notify the debtor, and the attorney for the debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

6. Within 60 days after receipt of a written request made by Debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide Debtor and his counsel a statement detailing the following amounts paid by the Debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and changes alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The Debtor may (i) challenge the information by filing a motion with the Court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the Debtor acknowledges or the Court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the Court to be invalid or are not paid by the Debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected. The failure of mortgage holder or servicer to timely respond to Debtor's request under this paragraph shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued as of the date of Debtor's written request, and

        mortgage holder or servicer shall be prohibited from collecting or assessing such fees, expenses or charges against the Debtor or the Debtor's account during the case or after entry of the order granting a discharge.

    7.    Any failure of holders and/or servicers or any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to credit payments in the manner required by this plan shall be a violation of 11 U.S.C. § 524(i).

B.    To the extent that any claim is fully or partially unsecured pursuant to 11. U.S.C. § 506(a), and is not a claim involving a purchase money security interest subject to the application of the provision following 11 U.S.C. § 1325(a)(9), that portion of the claim which is unsecured shall be provided for as a general unsecured claim under this plan. Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced. Once the allowed secured claim has been paid in full and the debtor receives a discharge, or the full underlying debt is paid, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records. This provision shall not apply to any claim that is secured only by security interest in the Debtor's principal residence.

C.    Confirmation of this plan shall constitute a finding that all documents and information required by section 521(a)(1) have been filed with the court or provided by the Debtor.

D.    If this plan is confirmed prior to the bar date for the filing of proofs of claim, and if any claims are filed after such confirmation date, but before the expiration of the applicable proof of claim deadline ("bar date"), Debtor agrees, within (30) days after the bar date,

    1.    to notify the standing trustee of any such post-confirmation filed claims which would affect the adequate funding of the plan, and advise as to debtor's intentions with respect to such claims, in writing; and

    2.    within ten (10) days of such notification, either file: (i) an objection to such claim(s), or (ii) a motion to modify the confirmed plan to account for such post-confirmation filed claims. If the Debtor files an objection to such claim(s), and such objection(s) is/are overruled, Debtor will promptly file a motion to modify the plan to account for such claim(s).

E.    If this plan is confirmed prior to the bar date, debtor also agrees that any documents or other requests previously made by the standing trustee shall be fulfilled on or before the bar date.

  F. Upon completion of this plan, all debts listed in the Debtor's schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

  G. If prior to the expiration of the period set forth in Paragraph II of this plan all filed claims entitled to payment under this plan are paid in full, this plan shall terminate on that date.

  H. Confirmation of this plan shall constitute a finding that the plan was proposed in good faith and constitutes the Debtors' best effort under all circumstances to pay their creditors, within the meaning of 11 U.S.C. § 727(a)(9).

  I. As used herein, the term "Debtor" shall mean both Debtors in a joint case.

**V. ORDER OF DISTRIBUTION.** Payments from the plan will be made by the trustee in the following order:

  A. Adequate protection payments;

  B. Debtor's attorney's fees;

  C. Domestic Support Obligations;

  D. Cure of Prepetition Secured Claims and Prepetition Executory Contract arrears;

  E. Allowed Secured Claims Paid in Full and/or Modified;

  F. Allowed Priority Claims Other than Domestic Support Obligations;

  G. Allowed Unsecured Claims – Separately Classified;

  H. Allowed timely filed Unsecured Claims – Not Separately Classified.

**VI. REVESTING OF PROPERTY:**

Property of the estate will vest in the debtor upon confirmation of the case. Nevertheless, Debtor shall have sole right to use and possession thereof during the pendency of this case, including the right to use, sell or lease such property in the ordinary course of Debtor's affairs. This expressly includes the right to prosecute any courses of action belonging to the estate.

Dated: June 5, 2017      /s/ Wineska Marin

                Debtor